Brooks *vs.* Water Lot Company of Columbus.

---

No. 20.—WILLIAM BROOKS, plaintiff in error, *vs.* THE WATER LOT COMPANY OF COLUMBUS, defendants.

[1.] In an action by the vendor, on a covenant made by the purchaser in the deed, the assignees of the purchaser cannot be joined with the purchaser as parties defendants.

[2.] Dilatory pleas, when demurred to, are to be heard and decided upon at the first term of the Court.

Covenant, in Muscogee Superior Court. Demurrer to Plea. Decided by Judge ALEXANDER, May Term, 1849.

The Water Lot Company of the City of Columbus conveyed to William Brooks, a certain lot of land, lying in the City of Columbus, adjoining their canal or reservoir, with certain water privileges, which conveyance was subject to the following conditions, to wit : that " Brooks, his heirs and assigns, should be confined and restricted to the privilege of erecting and running a saw-mill or saw-mills, on said lot; and farther, *that said lot or poi -tion of ground should be entitled to no part or portion of the water commanded by said canal or reservoir* ; but that the said Wm. Brooks, his heirs and assigns, should be entitled to use, for driving said saw-mill or saw-mills, such part or portion as he or they might think proper, of the water belonging and appertaining to lot No. 15, which he had purchased." Lot No. 15 joined the canal or reservoir, also.

To the November Term, 1848, of the Superior Court of Muscogee County, the Water Lot Company brought their action for a breach of this covenant on the part of Brooks, alleging that he had erected a large wooden building, three stories high—the two upper stories being utterly useless for a saw-mill—and in which Brooks had placed a great variety of machinery—turning lathes, machinery for manufacturing window blinds and sash ; for manufacturing doors, tables, &c.; for planing plank, with a variety of circular saws, constituting no part of a saw-mill, &c.

At the appearance term of this suit, the defendant filed a plea in abatement, alleging, that on the 3d October, 1848, he conveyed one moiety of the said lot to John G. Winter ; and that he (Brooks) has not alone, but in connection with Winter, erected the building described, and placed therein the machinery complained of; and, also, that George W. Winter, George F. Drew and Noah Moody, were each partially interested in this machinery ; and of this he prayed judgment.

At the same term, plaintiff's counsel demurred to this plea ; to the hearing of which demurrer defendant's counsel objected, on the ground that the same could not be heard at that term. The Court overruled the objection, and defendant excepted.

Upon hearing the demurrer, the Court adjudged the pleas insufficient. To which ruling defendant excepted. And on these exceptions error has been assigned.

W. DOUGHERTY, for plaintiff in error.

BENNING and WELBORN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The action was brought in this case by the plaintiffs below, on a covenant by the defendant, in plaintiff's deed to him. The covenant was, that he would use the land only for a specified purpose. The breach assigned is, that he had constructed upon it machinery contrary to his stipulations. The defendant pleaded that he had sold one-half of the land to others, and that they ought to be united in the action. Upon demurrer, this plea was rightfully held'insufficient. Between the plaintiff and the defendant, (the original covenantor,) there is privity of contract. The covenant, as to the defendant, is personal. Between the assignees of the defendant and the plaintiff there is privity of estate. The covenant of the defendant runs with the land, and the assignees are liable to the plaintiff, but according to different principles. They and the defendant are not jointly liable to the plaintiff—their rights of defence are different. They are liable in respect of the land with which the covenant runs, and only according to the truth of the case, their liability may be apportioned. Being purchasers of only a moiety of the land, they are liable to that extent only. Not so with the original covenantor, for by his contract he is liable to the whole extent of the injury sustained. *Hare vs. Cator,* 2 *Cowp.* 766. 2 *East,* 575. 4 *Kent,* 473, *note.* *Stra.* 1221. 3 *Burrow,* 1271. 9 *Cowen,* 88. 2 *Greenleaf's Ev.* §239. 1 *Doug.* 182. 1 *East,* 502. 5 *Coke,* 17, *b.* 3 *Ibid.* 22. 17 *Wend.* 136. 5 *Reps.* 24, *a.* 4 *B. & A.* 266. 1 *Chitty's Plead.* 107.

[2.] This was a plea in abatement, and being demurred to at the first term, was ruled out. It is complained that such a plea cannot be heard and determined at the first term. We think it can. It is dilatory and goes not to the merits; for that reason it must be filed, and if demurred to, may be, and regularly ought to be decided at the first term.

Let the judgment be affirmed.