GATE CITY COTTON MILLS *et al.* *v.* ALEXANDER;
*et vice versa.*

1. A petition alleged, in substance, that three named corporations, which were made defendants thereto, on behalf of a voluntary, unincorporated association of which they and a number of others were members, contracted with the plaintiff as an attorney for certain professional services, which were rendered; that the defendants who were sued were all of the members of the association known to the plaintiff, and that he did not know and had no means of ascertaining the names of the other members of such association. *Held*, that the petition was not demurrable on the ground of nonjoinder of parties because the plaintiff failed to make defendants of all the members of the association other than those sued.

2. None of the rulings on other grounds of the demurrer, overruling some of them and sustaining some of them, furnished any cause for reversal either upon the main bill of exceptions or the cross-bill.

JANUARY 16, 1915.

Complaint. Before Judge Pendleton. Fulton superior court. December 9, 1913.

*Tye, Peeples & Jordan,* for plaintiffs in error in main bill of exceptions. *M. J. Yeomans,* contra.

HILL, J. As a general rule, where suit is brought upon a joint contract, all of the joint contractors should be made parties defendant. The fact that the joint contractors have formed themselves into a voluntary, unincorporated association for purposes beneficial to themselves does not alter this rule. If suit is brought against certain named persons as joint contractors, the defendants may plead in abatement the nonjoinder of their co-contractors. If the plaintiff's petition on its face shows that in addition to the defendants sued there were other joint contractors, without showing sufficient reason why they were not joined, the petition is subject to demurrer on that ground, under our practice. It is not, however, an inflexible rule that joint contractors must be sued or the case can not proceed. Thus, if a joint contractor is a non-resident of the State, or has been discharged in bankruptcy, it would not destroy the right to proceed against the other joint contractors. If, therefore, suit is brought against certain persons based on a contract, and the petition discloses on its face that there are other joint contractors, it is demurrable unless it shows a sufficient reason why they are not joined as defendants. In the present case it was alleged, in substance, that the three defendants who were sued contracted with the plaintiff on behalf of themselves and others forming a voluntary, unincorporated association which the plaintiff was authorized to represent, that the defendants were the only members of the association known to the plaintiff, and that he had no means of ascertaining who the other members were. He therefore sued the persons who actually contracted with him and who were all of the other parties to the contract known to him. We think that these allegations were sufficient to withstand a demurrer based on the ground that the other members of the association should have been ascertained and made parties defendant. If the defendants who were sued desired to plead in abatement who were the other members of the association that should have been made parties, they could have done so. But they can not destroy the plaintiff's entire suit by demurrer on the ground of nonjoinder of

the other members of the association, whom the plaintiff did not know and had no means of ascertaining. This is the controlling point in the case. Various other points were raised in the main bill of exceptions, because of the refusal of the court to sustain other grounds of the demurrer filed by the defendants; and in the cross-bill of exceptions, because the court struck certain parts of the petition on demurrer. It is unnecessary to take up each of these rulings and consider them in detail. It is sufficient to say that none of the assignments of error based upon them furnish any cause for reversal.

The ground of the demurrer which raised the question of whether the members of the association which were corporations had authority under their charters to become members of it, or to authorize any contract to be made through it or its agents which would bind them, was withdrawn in the trial court, and was not passed upon.

*Judgment in both bills of exceptions affirmed. All the Justices concur, except Fish, C. J., absent.*