CLARK MILLING COMPANY *v.* SIMMONS, receiver, *et al.*

</div>

HINES, J. 1. Parties who are interested in sustaining the judgment of the court below are necessary defendants to a bill of exceptions brought by a losing party to reverse such judgment; and where some of such parties have not been served with the bill of exceptions, and have not acknowledged or waived service, the bill of exceptions, upon motion, must be dismissed. *Humphrey* v. *Powell,* 145 *Ga.* 458 (89 S. E. 427); *Ray* v. *Hardman,* 146 *Ga.* 718 (92 S. E. 211); *Woolard* v. *Corcoran,* 148 *Ga.* 299 (96 S. E. 564).

2. Where certain creditors of the intestate answered the petition of the administrator to marshal the assets of the estate of his intestate, and by way of cross-petition charged the administrator with a devastavit, prayed for an accounting, and prayed for judgments de bonis propriis and de bonis testatoris against the administrator, and where in the final decree the court below overruled the motion of the plaintiff in error to recommit the case to the auditor, and its exceptions of law and fact to that portion of the auditor's report finding against its demand against the estate, and where in this decree it was adjudged that the administrator had been guilty of a devastavit, and judgment therefor was rendered against him in favor of the receiver, and where in this decree judgments were awarded against the administrator in favor of the above-named creditors for the amounts of their claims against the estate, these creditors were necessary defend-

ants to a bill of exceptions brought by such losing creditor to review, such decree; and where all of them have not been served with the bill of exceptions and have not acknowledged or waived service thereof, the bill of exceptions, on motion, must be dismissed. Civil Code (1910), § 6160.

3. Where attorneys for the specified defendants, who had been designated by the court to represent certain classes of creditors of the estate, acknowledged service of the bill of exceptions, this acknowledgment did not amount, under the act of 1911, to service upon certain creditors of such classes who appeared and, in their answer to the petition of the plaintiff in the nature of a cross-petition, alleged a devastavit by the administrator, for which they recovered, and where they recovered in the decree separate judgments against the administrator upon their claims against the estate; representation by class (if applicable to a case like this; on which see Civil Code (1910); § 5415; *Macon &c. Railroad Co.* v. *Gibson*, 85 Ga. 1, 23, 11 S. E. 442, 21 Am. St. R. 135) ceasing as to those members of the class who appear and represent themselves.

4. Where, after the time for the service of a bill of exceptions, service thereof is acknowledged by attorneys for certain defendants, reserving all rights of objections, such acknowledgment would not cure the omission to serve these parties in time, under the act of 1911 (Ga. L. 1911, p. 149, Park's Code, §§ 6160, 6164(a); *Ray* v. *Hardman*, supra); but where thereafter an acknowledgment of service for these defendants was made by their attorneys, in which time of service was waived and it was agreed that the case could be heard in this court, such acknowledgment of service cured the omission to have these defendants served in time.

5. Where the plaintiff in error designated, by amendment to the bill of exceptions, numerous parties as defendants in error; and where the record fails to disclose service upon, or acknowledgment or waiver of service by, some of the designated defendants in error, the bill of exceptions must be dismissed; the presumption being that all of such parties are necessary defendants to the bill of exceptions, and there being nothing in the record showing the contrary.

6. It is unnecessary to decide the question whether the acknowledgment of service of a bill of exceptions by a guardian ad litem for a minor defendant, who had become of age before such acknowledgment was made, was good service on such defendant.

*Writ of error dismissed. All the Justices concur.*
No. 3451. APRIL 14, 1923.

Writ of error; from Laurens. Motion to dismiss.

An administrator filed his equitable petition to enjoin suits brought by certain creditors against him in his representative capacity on demands against his intestate, and to marshal the assets of the estate. To this suit thirty-four creditors of the intestate, including M. F. Mullis and Mrs. M. F. Mullis, and his heirs at law were designated in the petition as parties defendant. M.

F. Mullis and Mrs. M. F. Mullis acknowledged service of this petition by their attorneys, Burch & Daley. S. R. Jacques & Tinsley Company and the Fourth National Bank of Macon acknowledged service thereof by their attorneys, Jones, Park & Johnston. Hilda Meadows Duggan, Doris Jenkins, Joice Jenkins, and Breezy Jenkins, minors and heirs at law of the intestate, were served personally. None of the other parties named as defendants in the petition appear therefrom to have been served. The court passed an order designating the Stevens Hardware Company "as a representative of the class of resident creditors holding open accounts in said County of Laurens, and that S. R. Jacques & Tinsley Company, of Macon, County of Bibb, said State, is hereby designated as a representative of the class of non-resident creditors holding open accounts; and that each of said representatives herein designated be served with copies of the foregoing bill and process and copies of this order." This order further provided "that each and all of said parties be notified and served by publication in the Dublin Courier-Herald, the official organ of said County of Laurens, as the law requires, or by letter containing notice of the pendency of said suit, and the issuance of this order, addressed to each of said parties at their permanent address, wheresoever that may be."

S. R. Jacques & Tinsley Co., I. Kessler Commission Co., Dunlap Hardware Co., United States Sales Co., Armour & Co., Belknap Hardware Co., Rouse-Hempstone Co., Leo Frank Inc., D. M. Ferry & Co., and The Waxelbaum Co., being some of the creditors of the intestate and designated in the petition as defendants thereto, filed their answer and cross-petition, in which they charged the administrator with a devastavit and called upon him to account. The case was referred to an auditor, who made his report. The Clark Milling Co., an intervening creditor of the intestate, moved to recommit the report of the auditor, on the ground that no complete report of the evidence or brief thereof had been made and filed by the auditor; and at the same time filed certain exceptions of law and fact to the report of the auditor finding against its claim against the estate. A final decree was rendered by the court, refusing to recommit the case to the auditor, overruling all exceptions of law and fact to the report of the auditor, and awarding to each creditor of the estate, except

the plaintiff in error and one, other creditor, the amount claimed by him. Among these awards was one each in favor of Jennie Wood, the Dublin & Laurens Bank, Mrs. H. C. Stonecypher, M. M. Mullis, and Mrs. M. F. Mullis. The Clark Milling Co. filed its bill of exceptions to the decree of the court overruling its motion to recommit the case to the auditor, overruling its exceptions of law and fact to the report of the auditor finding that this creditor was not entitled to recover against the estate, and making the report of the auditor the judgment of the court, thereby disallowing this claim.

The bill of exceptions was certified on Aug. 26, 1922. On the same day C. C. Crockett acknowledged service of the bill of exceptions as attorney for the receiver; Adams, Camp & Adams acknowledged service as attorneys for S. J. Meadows, administrator of the estate of H. L. Jenkins; Jones, Park & Johnston acknowledged service as attorneys for S. R. Jacques & Tinsley Co., for non-resident creditors, and for the Fourth National Bank of Macon; and J. B. Green acknowledged service as attorney for Stevens Hardware Co., representing local creditors. On Nov. 14, 1922, J. B. Green acknowledged service of the bill of exceptions as guardian ad litem for Hilda Meadows Duggan, Breezy Jenkins, Doris Jenkins, and Joice Jenkins, waiving time of service, all other and further service, and agreeing that the case be heard in the Supreme Court. On the same day Burch & Daley as attorneys for Mr. and Mrs. M. F. Mullis, and W. C. Davis as attorney for Mrs. Stonecypher, acknowledged service of the bill of exceptions, reserving all rights of objection. On Dec. 1, 1922, Ira S. Chappell, Burch & Daley, and W. C. Davis acknowledged service of the bill of exceptions as " attorneys of record for certain defendants in error in above-stated case," waiving time of service, all other and further service, and agreeing that the case may be heard by the Supreme Court. On the same day G. C. Bedgood, as " attorneys of record for certain defendants in above-stated case," acknowledged service of the bill of exceptions, waiving time of service and all other and further service, and agreeing that the case be heard in the Supreme Court. On Dec. 2, 1922, the plaintiff in error filed in this court an amendment to the bill of exceptions, and named as defendants in error therein sixty-odd parties. There was no service of the bill of

exceptions upon any of these parties, except as hereinbefore stated. S. R. Jacques & Tinsley Co. and the Fourth National Bank of Macon filed their motion to dismiss the bill of exceptions. The headnotes state the rulings on this motion.

*Henry G. Howard* and *M. H. Blackshear,* for plaintiff in error.

*Adams, Camp & Youmans, Jones, Park & Johnston, C. C. Crockett,* and *J. B. Green,* contra.