### 15337. DICKENSON *et al. v.* HAWES.

1. As a general rule, where suit is brought upon a joint contract, all of the joint contractors ought to be made parties defendant.
2. If a suit is brought against certain persons as joint contractors, and if the petition shows upon its face that there were other joint contractors in addition to those sued, without alleging a sufficient reason why the others were not joined, it is subject to demurrer for nonjoinder of parties. If it be true that others ought to be joined, but this does not appear upon the face of the petition, a special plea of nonjoinder will lie.

3. While the plea showed that others were joint obligors with the defendants upon the contract *alleged in the plea,* it did not show that such others were parties to the *contract set out in the plaintiff's declaration.* A plea of nonjoinder of defendants which fails to show that the other persons who they allege ought to be joined were obligors with them *upon the cause upon which the plaintiff sues* is bad and ought to be stricken on motion. The plea in this case was fatally defective also for other reasons, set forth in division 3 of the opinion.

DECIDED APRIL 23, 1924.

Complaint; from Seminole superior court—Judge Yeomans. December 6, 1923.

*W. L. Bryan, House & Goree,* for plaintiffs in error.

*T. S. Hawes,* contra.

BELL, J.   T. S. Hawes brought his action against J. L. Dickenson, J. E. Johnson, and A. R. Benton, in which he alleged that on July 1, 1919, the defendants employed him "to assist them in building up sentiment in Decatur county favorable to the creation of Seminole county, and to advise with the defendants herein named as to the proper method of proceeding locally in Decatur county for the purpose of securing the creation of Seminole county, at an agreed price and contract for $250 for said services;" that he complied with all the terms and conditions of his employment, but that the defendants had failed to pay for his services according to the agreement.   The following plea, duly verified, was interposed at the first term: "Now come [the defendants] in the above-mentioned matter and, before pleading to the merits, for plea in abatement say that the action now pending should not be directed against them in their individual capacities; that they were acting solely as a committee appointed by a band or association of people interested in creation of Seminole county, and that it was so understood that they were not acting in their individual capacity, but were acting solely in the official capacity as committeemen, in the employment of plaintiff to influence legislation favorable to the creation of Seminole county.   The defendants were acting as committeemen for the following parties, and ask that the court do order a delay in the proceedings until the parties hereinafter set out are joined with defendants as parties defendant," naming them.   The court sustained an oral motion to strike the plea, and exceptions pendente lite to this judgment were preserved.   Defendants had also filed a plea to the merits, upon which

the case went to trial. A verdict was directed in favor of the plaintiff. In the bill of exceptions brought to this court by the defendants the sole insistence is that the court erred in striking the dilatory plea, and it is alleged that this error entered into and affected the final verdict and judgment, rendering them illegal.

1. It appears by the averments of the plea that the defendants were members of a voluntary association of citizens, which, through the defendants as members and representatives, became liable to the plaintiff as joint promisors or partners. *Wilkins* v. *Warden,* 52 *Ga.* 352; *Thurmond* v. *Cedar Spring Baptist Church,* 110 *Ga.* 816 (36 S. E. 221). "As a general rule, where suit is brought upon a joint contract, all of the joint contractors should be made parties defendant. The fact that the joint contractors have formed themselves into a voluntary, unincorporated association for purposes beneficial to themselves does not alter this rule." *Gate City Cotton Mills* v. *Alexander,* 143 *Ga.* 42 (1), 43 (84 S. E. 118); *Thornton* v. *Bussey,* 27 *Ga.* 302, 305; *Mott* v. *Hall,* 41 *Ga.* 117.

2. If a declaration shows on its face that other persons were liable as joint contractors with the parties sued, without showing any reason why the other persons were not joined, the petition will be subject to a special demurrer for nonjoinder of parties. If such be the fact, but it does not appear in the petition, the remedy of the defendants who are sued is a plea in abatement. *Gate City Cotton Mills* v. *Alexander,* supra. "In a suit against an individual it was not erroneous for the judge to refuse to entertain a plea offered by a firm of which the individual was a member, where neither the firm nor the other member thereof was declared against or otherwise appropriately made a party to the suit." "If it appears on the face of the petition that the suit is brought against an individual for the debt of a partnership of which he is a member, objection may be raised by demurrer. If it does not so appear, but the defendant claims that the suit against him as an individual is based upon a partnership liability, and that the other partner is a necessary party, the point should be raised by a plea in abatement." *Bray* v. *Peace,* 131 *Ga.* 637 (1) (2) (62 S. E. 1025); *Shiflett* v. *Kelly,* 16 *Ga. App.* 91 (6) (84 S. E. 606); *Van Harlengen* v. *Bearse,* 26 *Ga. App.* 473 (1) (106 S. E. 306).

3. But we think that the plea in this case was faulty because

it disputed the plaintiff's averments in regard to the nature of the contract and the services to be performed. It is true that the plea does not in specific terms deny the execution of the contract upon which the plaintiff sues, but this is its effect. It is noticed that according to the petition the plaintiff was employed "to assist them in building up sentiment in Decatur county favorable to the creation of Seminole county, and to advise with the defendants herein named as to the proper method of proceeding locally in Decatur county for the purpose of securing the creation of Seminole county." The plea, however, asserts that the defendants were acting solely as a committee and members of an association "in the employment of plaintiff to influence legislation favorable to the creation of Seminole county." It therefore fails to allege that the other members of the association were bound to the contract set up in the plaintiff's declaration. The plea thus takes issue with the petition, and sets up not that the defendants with others as joint contractors entered into the contract sued on, but that they all made with the plaintiff a different contract.

A plea in abatement is one which, without disputing the justice of the plaintiff's claim, objects to the place, mode, or time of asserting it. It is interposed to stop the plaintiff's action, leaving it open to the plaintiff, however, to renew the suit in another place or form, or at another time. It should not assume to answer the action upon its merits, or deny the existence of the particular cause of action upon which the plaintiff relies. *Brooks* v. *Water Lot Co.,* 7 *Ga.* 101; *Palmour* v. *Palmour,* 53 *Ga.* 382; *Parker* v. *Brady,* 56 *Ga.* 372; *Banks* v. *Hunt,* 70 *Ga.* 741; *Colquitt* v. *Mercer,* 44 *Ga.* 432. If it denies the existence of the contract as the plaintiff alleges it, then it is extended to the merits, and cannot be classed as dilatory. A plea in abatement must give to the plaintiff a better form of action, but not upon a different cause of action. *Dougherty* v. *Bethune,* 7 *Ga.* 90. Taking the averments of the plea as true, the plaintiff could not have recovered upon the case which he laid, even against the defendants sued. If by his evidence he had shown, not the contract alleged in the petition, but that which is averred in the plea, he should undoubtedly have been nonsuited for a variance, irrespective of the question of parties.

Assuming, then, that the plea sufficiently alleges that the plain-

tiff knew that the defendants were acting as committeemen and as members of an association, and contracted with them in that capacity and not as individuals, it is bad as a plea in abatement, for setting up matter not confined alone to the form of the action.

Again, if the parties who are sued had authority from the other members of the association only to employ the plaintiff to perform the services alleged in the plea, they materially exceeded or varied from their authority in making the contract set out in the declaration, and the other members of the association would not be liable for their acts. We have seen that a plea of nonjoinder must show that the other parties were bound under the contract as alleged in the petition, and this the plea here under consideration fails to do, since it appears therefrom that if those who were sued made for themselves and the others the contract set out in the complaint, they made a different one from that which they were authorized by the others to make; and that such others therefore were not obligated thereby.

Regardless of whether it would have been error to strike the plea as an answer to the merits, the defendants treated it in the trial court only as a plea in abatement, and sought thereupon only to delay the proceedings until others could be made parties; and they having again asked in this court that it be considered solely as a plea of that character, the judgment striking it will be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*