GRAND CHAPTER ORDER EASTERN STAR *et al. v.* WOLFE *et al.*

No. 7839.  FEBRUARY 23, 1931.

*Travis & Travis,* for plaintiffs in error.

*Charles E. Donnelly,* contra.

RUSSELL, C. J.  Certain persons alleging themselves to be members of Bethlehem Chapter, a subordinate of the Grand Chapter of the Order of Eastern Star, brought this action against the Grand Chapter and persons alleged to hold designated official positions therein.  It is alleged that the order is a voluntary association for beneficent and beneficial purposes, and of the nature of a copartnership.  It is not a corporation.  The petitioners, having exhausted all the means provided by the charter and by-laws of the organization, invoke the aid of a court of equity for redress of their alleged wrongs.  They allege, that, in violation of the principles and governing law of the order, the charter of Bethlehem Lodge has been withdrawn, the membership of petitioners in the order has been destroyed, and the property of Bethlehem Chapter, in which each member is alleged to have an individual interest, has been taken away from them; this property consisting of $169 on deposit in bank in the name of Bethlehem Lodge, and paraphernalia, jewels, and equipment of the value of $500.  The petitioners ask also for damages of $30,000, to be equally prorated, $1,000 to be allotted to each of the petitioners.  A full statement of the contents of the original petition, the 28 grounds of the demurrer directed against

it, the numerous amendments to the petition, and the subsequent renewals of the demurrers attacking the petition as amended, is unnecessary.

Judge Meldrim rendered the following decision: "Certain ladies, averring that they were or are members of the Bethlehem Chapter of the Order of the Eastern Star, have brought their equitable petition against the Grand Chapter of the Eastern Star and certain members of the local or Bethlehem Chapter. The defendants have demurred. The petitioners have amended again and again until the averments in the petition and the several amendments are like the leaves of Vallambrosa. I am not at all sure that I have reached a right conclusion. The learned counsel for defendants this day concedes that there are left in the case two questions: 1. Can the petitioners pursue the two remedies, one restoration to membership; the other recovery of damages for the alleged torts? The petitioners can not have their cake and eat it too; but I see no reason why they can not seek alternative remedies. If the petitioners can not be reinstated in membership and the status quo restored, then I see no reason why they may not recover damages for the wrongs alleged to have been sustained. The second question is this: Do the petition and amendments join contract and tort? I do not think so. The action in my opinion is in tort. The demurrers are overruled." The defendants thereupon excepted.

The judge was undoubtedly correct in overruling the general demurrer. The plaintiffs have a right of action. If as members of the O. E. S., and as members of the Bethlehem Chapter of that organization, they have the right or are authorized to participate in the proceedings of the Grand Lodge of that order (whether in person or by representatives), and have exhausted all of the remedies provided by the order itself, or their petitions for redress have been received with stony silence, if not indeed with contempt, then, and not till then, will a court of equity assume jurisdiction of the matter and award the petitioners whatever may be their civil rights. The petition contains sufficient averments upon this score. As will appear from the opinion rendered by the judge, and as we gather from the briefs of counsel for plaintiffs in error, a very important question in this case is whether, in such an action as this, where the main object of the petitioners is to obtain reinstatement

of Bethlehem Lodge and the return of its charter and its money and paraphernalia, the plaintiffs could also ask for damages for injuries, not to their persons, but to their personal feelings and their individual reputations. It is true that the general principle is that equity does not take two bites at a cherry, but on the contrary, having all parties before it, proceeds to settle all their differences. But is there such a common nexus binding all of these thirty petitioners for damages that it can be said that each one of them, having a common interest in the subject-matter, suffered the same injury to his feelings, so as to be compensated in the same amount for injury to his or her reputation? As injury to personal feelings is as variant as the figures produced by the shaking of a kaleidoscope, and the injury to the reputation of one is in each case largely dependent on the particular nature of the reputation possessed by the petitioner, we can not say that the injury inflicted upon any one of the petitioners, so far as feelings and reputation are concerned, is identical to that of any or all of the others. In our opinion it is immaterial to decide whether the action is in tort or arises from a breach of the implied contract of partnership—the O. E. S. being alleged to be a kind of copartnership. However this may be, the prayer for damages, in our opinion, is not germane to the prayer for the reinstatement of Bethlehem Lodge and the petitioners as members thereof, and the return of their charter and other property.

Much authority could be cited as to whether there can be a recovery of damages for wounded feelings generally. It is everywhere admitted that recovery may be had for mental pain and suffering in actions for libel and slander, and for the seduction of one's wife or daughter. However, in *Chapman* v. *Western Union Telegraph Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), in the opinion delivered by Mr. Justice Lumpkin and concurred in by the court including Chief Justice Bleckley, it was held that a person is not entitled to recover damages on account of mere mental pain and suffering. In the opinion it was said: "The law protects the person and the purse. The person includes the reputation. *Johnson* v. *Bradstreet Co.*, 87 *Ga.* 79. The body, reputation, and property of the citizen are not to be invaded without responsibility in damages to the sufferer. But outside these protected spheres, the law does not yet attempt to guard the peace

of mind, the feelings or the happiness of every one, by giving recovery of damages for mental anguish produced by mere negligence. There is no right, capable of enforcement by process of law, to possess or maintain without disturbance any particular condition of feeling. The law leaves feelings to be helped and vindicated by the tremendous force of sympathy. The temperaments of individuals are various and variable, and the imagination exerts a powerful and incalculable influence in injuries of this kind. There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation. Perhaps the feelings find as full protection as it is possible to give, in moral law and a responsible public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries. . . If the plaintiff must be entitled to substantial damages on *other* grounds, then mental suffering alone is not a ground for damages, which is the very point contended for. . . Throwing away the lame pretence of basing recovery for mental suffering upon an otherwise harmless transgression, and stripping it of all false form and confusing technicality, it is manifest that to allow such a recovery is, *in real substance,* an effort to protect feeling by legal remedy. If mental suffering be a self-sufficient element of damage, as in reason it must be to recover when no other damage is claimed, why is not the causing of mental suffering itself an infraction of a legal right? Why should the law of torts lag behind the law of damages? Can it do so in a sound system?" (Civil Code, § 4504, quoted.) The court proceeded: "There is no further definition or description of the torts here referred to, by which any case may be recognized as of this class. But it is manifest that the language quoted does not say or imply that injury to the peace, happiness, or feelings shall always be itself a tort, but rather the reverse. In view of the fact that no description or designation is attempted of this class of torts, and in view of the general purposes of the code, this section obviously does not mean to create new torts, or change the law of damages, but only to declare the pre-existing law."

An unincorporated association can not generally, or in the absence of a statute, be sued in its company name, but all the members must be made parties, since the association has no legal entity distinct from that of its members. 5 C. J. 639, § 118. *Wilkins* v.

*St. Marks Church,* 52 *Ga.* 352; *Dickenson* v. *Hawes,* 32 *Ga. App.* 173 (122 S. E. 811). It is provided in the Code of 1910, § 5415, that "Members of a numerous class may be represented by a few of the class in litigation which affects the interest of all." This rule applies alike to plaintiffs and defendants in equitable cases. It was applied to defendants in *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437), where the trial court designated by order named defendants to represent certain classes of creditors. The present case is very similar to that of *Gilbert* v. *Crystal Lodge,* 80 *Ga.* 284 (4 S. E. 905, 12 Am. St. R. 255), where Chief Justice Bleckley said: "Upon principle, we do not see how he could charge the partnership assets with damages that might be recovered, he having an interest in the assets as part owner of the same." And the Chief Justice further ruled: "An action for slanderous words spoken of and concerning the plaintiff by a mutual aid association, of which he was a member when the alleged tort was committed, will not lie against the association, sued as a partnership, but the redress, if any, is against the wrong-doers in their individual or non-partnership capacity. Nor does it make any difference in this respect, that, in consequence of the slander, the plaintiff was suspended from the benefits of membership for a term of years, and that the action was brought pending this term of suspension." The case of *White* v. *Parks,* 93 *Ga.* 633 (20 S. E. 78), cited by counsel for defendants in error, is not applicable to the question now before us. An examination of the record of file in this court discloses that the question now presented was not at that time before the court for adjudication, and that, as ruled in substance in the headnote, the court reversed the judgment because the declaration set forth a substantial cause of action, and the mere "failure to copy the libel in the declaration, or to set forth its words according to their exact tenor, is only bad pleading in matter of form, and, in Georgia practice, will be disregarded on general demurrer. Such a defect is amendable, and should be pointed out by special demurrer." The above ruling has been frequently applied in many decisions of this court.

We are of the opinion that the ground of demurrer which attacked so much of the petition as asks for damages against the Grand Chapter O. E. S. should have been sustained. The petitioners can not, in the same action, ask for reinstatement *and* dam-

ages. A different question would be presented had they asked either for reinstatement, or, if reinstatement were not granted, that they be given damages. Such a prayer would have been equivalent to a statement by them that "If for any reason we are not entitled to reinstatement and the restoration of our former state, then we are entitled to damages." In the present state of the pleadings the petition asked, not for alternative relief, but for the application of inconsistent remedies.

We find no error in the other assignments presented by the bill of exceptions, and a discussion of the principles of law involved therein would be a matter of supererogation. It is ordered that the judgment of the superior court be amended by striking from the petition all allegations and prayers referring to the petitioners' claim for damages; and that in all other respects the judgment upon the interlocutory hearing be affirmed.

*Judgment affirmed, with direction. All the Justices concur.*