WEBB & MARTIN INCORPORATED *v.* ANDERSON-McGRIFF HARDWARE COMPANY *et al.*

No. 12747.   June 14, 1939.

*Virlyn B. Moore Jr.*, for plaintiff.

*Roy S. Drennan*, and *McElreath, Scott, Duckworth & DuVall*, for defendants.

REID, Chief Justice.   Webb & Martin Inc. filed suit in the superior court of Fulton County against Southeastern Retail Hardware and Implement Association and certain named companies and individuals alleged to be engaged in the hardware business, and sought to obtain a judgment for $467.60 on open account. The petition was filed in equity, and alleged that these named defendants and several hundred others were members of Southeastern Hardware and Implement Association, a voluntary unincorporated association; that the various members were scattered throughout the southeastern states; that an indebtedness represented by the open account was incurred by the association; and that the association had dissolved, and was insolvent. The plaintiff thus sought to make liable for the debt its various members. It was alleged that the names of the members other than those named in the petition were unknown to the plaintiff; and that, although all the members of this association were jointly liable to plaintiff, relief at law could not be had because these other members could not be located, named, or served with process. The petition contained prayers for the designation of different named defendants to be served personally where residents of Georgia, and by publication where non-residents, and to represent all of the members of their respective class in the action against them, and that plaintiff have judgment in the sum sued for against the named defendants "individually and as members of said association," and against those designated to represent classes individually and "as representative of all of the members of said association," in their respective classes.

The judge sanctioned the petition and entered orders designating class representatives, as prayed. The association and certain of the named defendants who had been served filed their general demurrers to the petition, and they were sustained by the judge, and on each demurrer an order was entered that the case be "dismissed as to

demurrant and members of the class who have not been served." The plaintiff filed its bill of exceptions which we now have under consideration, assigning error on the orders entered sustaining the separate demurrers which had been filed by the following defendants named in the petition: Moncrief Furnace Company, Anderson & McGriff Hardware Company, Evans Implement Company, Almand Implement Company, Fulton Hardware Company, Buckhead Hardware Company, Campbell Hardware Company, each demurring as defendants sued individually, and Anderson-McGriff Hardware Company demurring separately as a designated class representative. The bill of exceptions in its caption designates all of these named defendants as defendants in error, with the exception of Almand Implement Company and Fulton Hardware Company. There is no other designation of any defendants in error in the bill of exceptions, except that discoverable by examining the caption, although it appears from its recitals that the demurrers of all of these named parties were sustained and the plaintiff's case as to them dismissed, and error is assigned on those rulings. Service of the bill of exceptions was acknowledged by counsel for all of these named defendants, including the two omitted from the caption. Motion is made to dismiss the writ of error, for the reasons that no defendants in error are properly named in the bill of exceptions, and that the two defendants named, and also certain other defendants, were not named as defendants in error or otherwise made parties to the bill of exceptions. It appears that the other defendants named in the petition, but not named in the bill of exceptions, were those who did not appear to have been served, and who, so far as appeared in the record at the time of the rulings complained of, had filed no pleadings in the case.

■ The motion to dismiss, so far as predicated on failure to name and specify defendants in error except as disclosed from the caption, is denied, since they are ascertainable from the caption and the record. Code, § 6-1309; *Carter* v. *Parrish,* 154 *Ga.* 531 (1-*b*) (114 S. E. 709.). In so far as the motion to dismiss is based on the failure in the bill of exceptions to specify, either in the caption or otherwise, the names of two particular defendants as defendants in error, it must also be denied. The names were supplied by amendment, and acknowledgment of service for those named defendants had already been made on the bill of exceptions. Code, §§ 6-912, 6-913.

Another ground of the motion to dismiss rests on the contention that certain parties to the case, interested in sustaining the judgment, were not made defendants in error. It appears that this contention refers to the absence from the record of those defendants named in the suit who, at the time of the rulings complained of, had not been served with process and had not appeared and filed pleadings or otherwise waived process. "A person named in the record as a party is not in fact a party to the action unless he has been duly brought in by legal process or has voluntarily appeared and submitted himself to the jurisdiction of the court." 47 C. J. 15. "The court has no jurisdiction of the defendant until after service of process; and accordingly it was held in the case of *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152), that while the suit commences when the petition is filed, it is not a 'pending suit' between the parties until after service of process." *Florida Central & Peninsular R. Co.* v. *Ragan,* 104 *Ga.* 353, 356 (30 S. E. 745). It follows that this ground of the motion is also without merit.

■ Ordinarily it is required that in an action on contract all persons jointly liable under the contract be made defendants. *Dickenson* v. *Hawes,* 32 *Ga. App.* 173 (122 S. E. 811). And the fact that the joint contractors are members of a voluntary unincorporated association for whose benefit the contract was made does not alter this rule. 5 C. J. 1369. *Gate City Cotton Mills* v. *Alexander,* 143 *Ga.* 42 (84 S. E. 118). See other cases cited in *Dickenson* v. *Hawes,* supra. It is noted from the statement of facts appearing above that the plaintiff in the present action, on account of the fact that the persons alleged to be liable were numerous and unknown, sought the aid of equity to secure a judgment for its debt, not against the association as such nor alone against the named defendants, but also, through the appointment and service on certain members as class representatives, to obtain judgment against the others not named. To deal with situations complicated by transactions with voluntary associations, societies, and the like, where members were numerous and widely scattered, equity early invented methods by recognition of rights to sue and sometimes be sued in the common name under which the members became bound in association; and we find many cases and treatises dealing with these various methods. Also we find that many States have pro-

vided, by varying types of statutes, different plans for bringing within reach of process these associations and their members. In the instant case the plaintiff relies upon *Gate City Cotton Mills v. Alexander,* supra, as establishing the right to proceed as it has undertaken to do. In that case Alexander, an attorney, alleged that he had made a contract for performance of certain services for the benefit of a voluntary unincorporated association and its members; that the members, with the exception of the defendants named, were unknown to him and could not be named and served with process. He alleged that he made his contract with the three members named and sued, and upon whom process was served. His was an action at law, and he sought judgment only against those named defendants. It is clear, therefore, that his allegations, in so far as they are similar in substance to those in the present action, served merely to relieve the plaintiff, as against demurrer raising the question of nonjoinder, from suing the other defendants jointly liable.

Class representation among parties for the adjudication of rights is a peculiar creature of equity, and we find the equitable principle in recognition of it in our Code, § 37-1002, as follows: "Members of a numerous class may be represented by a few of the class in litigation which affects the interest of all." This section appeared first in the Code of 1895, § 4842. The codifiers cited *Macon & Birmingham Railroad Co.* v. *Gibson,* 85 *Ga.* 23 (11 S. E. 442, 21 Am. St. R. 135). It is a principle well recognized by all the courts, and frequently resorted to as an aid to securing justice, preventing hardship, inconvenience, and injustice. It is also true that this rule applies alike to plaintiffs and defendants in equitable cases. See *Grand Chapter Order Eastern Star* v. *Wolfe,* 172 *Ga.* 346, 351 (157 S. E. 301); *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437); *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507 (195 S. E. 564). For special application of this doctrine of virtual representation to voluntary unincorporated associations and their members, see 25 R. C. L. 74, § 31; Reynolds *v.* Davis, 198 Mass. 294 (84 N. E. 457, 17 L. R. A. (N. S.) 162). In *Hood Brick Co.* v. *Mangham,* 161 *Ga.* 457, 459 (131 S. E. 172), Presiding Justice Beck stated the rule as follows: "In an equitable suit he can be served for certain purposes by publication, but such service does not confer jurisdiction upon the court to render a judgment in personam

against him. This doctrine was laid down by this court at an early date in the history of the court. In the case of *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497 (48 Am. D. 300), it was said: 'The courts of this State have no extraterritorial jurisdiction, and can not make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent. A judgment in personam, rendered against an inhabitant of a foreign State, in a cause wherein he did not appear, although notice was served upon him by publication, under the 2d rule in equity, held to be a nullity as to him.' In the case of *Adams* v. *Lamar,* 8 *Ga.* 83, the principles announced in the *Dearing* case, supra, were restated and followed. In the case of Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565), the Supreme Court of the United States held that a personal judgment rendered by a State court against a non-resident of the State, in an action upon a money demand, was without validity, where the defendant was served by publication, but upon whom no personal service of process within that State was made, and who did not appear. That ruling has been applied in several cases decided by this court. *Hood* v. *Hood,* 130 *Ga.* 612 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359)."

In 33 Corpus Juris, 1083, § 45, the rule is stated in the following language, which it will be noted would be applicable, as are our own cases on the subject, to local defendants not appearing or served as likewise to all non-residents: "But a personal judgment upon merely constructive service is not entitled to full faith and credit in the courts of another State, under the constitutional provision in that regard, and the weight of authority is to the effect that no valid personal judgment can be rendered against a defendant upon whom the service of process was merely constructive, and who did not appear. A fortiori a non-resident is not bound by such a judgment. In the case of proceedings in rem or quasi in rem the judgment may bind the property affected, without personal service on any party, constructive notice, by publication or otherwise, being sufficient for this purpose; but no valid personal judgment or decree can be made in such proceedings without personal service or an appearance." See also *Peeples* v. *Mullins,* 176 *Ga.* 743 (168 S. E. 785) ; *Irons* v. *American National Bank,* 175 *Ga.* 552, 557 (165 S. E. 738), and cit. *Walker* v. *Grand International*

*Brotherhood,* 186 *Ga.* 811, 819 (199 S. E. 146); *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 463 (192 S. E. 191, 116 A. L. R. 257). A case such as the one here, where a plaintiff invokes the aid of equity for the sole purpose of having class representation among defendants in order to obtain judgments in personam as against the several members upon a plain common-law demand, is quite different from those where a court of equity in aid of its jurisdiction may, by service on representatives of a class, bind all members of the class as to matters at issue or as to property in the course of its administration, as was done in *Clark Milling Co.* v. *Simmons,* supra, and similar cases. We have not had cited or been able to find any case where such a personal judgment could be obtained by class representation upon those parties not appearing and not being personally served; and we hold accordingly that plaintiff's petition as one in equity can not be maintained. We must therefore conclude that the petition set out no cause of action as to the parties not named and served.

■ But if a case at law was stated against those defendants named and served, it was error to sustain the general demurrers as to them; and this calls for further examination. The petition alleged, "that the defendants are indebted jointly and severally to the plaintiff" in the sum sued for, upon open account; that the association had contracted with the plaintiff for certain printing jobs to be done from time to time within the past four years, and that at the time this association disbanded it was indebted to the plaintiff in the sum sued for. The purpose for which the association was formed does not appear from the petition, nor is it alleged that the named defendants contracted with the plaintiff or authorized, ratified, or assented to the contract. It will be noted that in the *Gate City Cotton Mills* case, supra, the plaintiff alleged that his contract was made with the defendants named in his suit and against whom he sought his judgment. The rule as to liability of members of a voluntary unincorporated association is stated in 4 Am. Jur. 481, § 41, as follows: "It is the well-settled general rule that individual members of an unincorporated association are liable for contracts made in the name of the association by an authorized officer, agent, committee, etc., and are responsible for all indebtedness incurred in the business for which it was organized, without regard to the question whether they so intended or so under-

stood the law, and even if the other party contracted in form with the association, and was ignorant of the names of the members composing it. Such members do not acquire any immunity from their liability by force of statutes providing that any number of persons and known by some distinguishing name may sue and be sued, plead and be impleaded, by such name, and that the individual property of the members shall not be liable to attachment or levy of execution in a suit brought against the association. If the association is organized for profit, the members are, in legal effect, partners, and, as such, liable for debts contracted in the name of the association by other members. Yet the rule of liability holds even as to members of a voluntary association not organized for profit; they are jointly and severally liable as principals on contracts made by, for, or in the name of the association for the purpose of promoting its objects, to which they have given either assent or subsequent ratification; in such case they will be compelled to contribute ratably to any damages that may have been recovered at law on such contract against the member executing it. However, associations and clubs organized for objects which are social or political, rather than for purposes of trade or profit, are not partnerships, and pecuniary liability can be fastened on the individual members only by reason of the acts of such individuals, or of their agents; and the agency must be made out, as none is implied from the mere fact of association. That is, in such cases, the liability of individual members is controlled by the law of agency, and only those members of such societies as authorize or ratify the transaction are liable on the contract; they are not bound by any obligation incurred by or on behalf of the association without their consent or subsequent ratification." See also 7 A. L. R. 222, note.

In some instances the question of liability of association members is made to depend upon principles of agency, and in some on principles of partnership; but in either event, it seems clear that before any recovery for debt of the association could be had as against the individual members, authority in some one to incur it should be shown, or it should be made to appear that it was incurred for some purpose within the objects of the association. Many jurisdictions apply one rule of liability as to members of an association organized for profit, and another to members of non-

profit or social organizations. In Dunlap Printing Co. *v.* Ryan, 275 Pa. 556 (119 Atl. 714), it was pointed out that in an action against members of an unincorporated association upon an account for printing and stationery furnished to them as a campaign committee, the liability might be partly joint and partly several, depending on how the goods were purchased, and upon subsequent ratification or refusal to ratify.

We take the view that the petition did not contain sufficient facts to charge liability, and the judgment of the trial court is accordingly *Affirmed. All the Justices concur, except*

ATKINSON, P. J., who concurs in the judgment and what is said in divisions 2 and 3 of the opinion, but is of the opinion that since the judgment is affirmed the motion to dismiss should not be passed on.