UNITED STATES of America,
Appellant,

v.

Jessie B. PRITCHARD, Appellee.

No. 19585.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1962.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Ralph A. Muoio, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., for appellant.

James M. Roberts, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is a suit for refund of the wagering excise taxes imposed on the person who permits the use of slot machines on "premises occupied by him."[1] During the taxable period involved (January 1, 1959 to June 30, 1959) six slot machines were maintained and operated on the premises known as the AMVETS Club, located in Spalding County, Georgia. The tax imposed on slot machines by § 4461 of the Internal Revenue Code of 1954[2] was neither reported nor paid to the Government until after the deficiency assessment. Thereafter, the tax penalty and interest was paid; claim for refund was refused, and this case was commenced.

1. Internal Revenue Code of 1954:
   "§ 4461. Imposition of tax
   "(a) *In general.*—There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device * * *."

2. "§ 4462. Definition of coin-operated amusement or gaming device.
   "(a) *In general.*—For purposes of this subchapter, the term 'coin-operated amusement or gaming device' means—
   * * * * *
   "(2) any machine which is—
   "(A) a so-called 'slot' machine which operates by means of the insertion of a coin, token, or similar object and which, by application of the element of chance, may deliver, or entitle the person playing or operating the machine to receive, cash, premiums, merchandise, or tokens, * * *."

Pritchard and others obtained the charter for the unincorporated social club; he and his cousin personally financed the building of the club house by obtaining a personal loan of approximately $10,000 on other property owned by them. Pritchard was elected and served as Post Commander during the time material herein. The club made monthly payments on Pritchard's personal indebtedness that had been incurred to finance the building of the club house. Pritchard personally furnished the money to buy the slot machines and received 90% of the profits from their operation. It was stipulated between the parties that the machines involved were "coin-operated amusement or gaming device[s]." These facts were either stipulated or undisputed upon the trial below.

At the close of the evidence, the trial court declined to grant the Government's motion for a directed verdict.[3] The Government contends that the lower court erred in refusing to direct a verdict in its favor on the theory that the taxpayer was liable for the tax as a member of the unincorporated club.

Section 4461 of the Internal Revenue Code of 1954, supra, imposes a special tax on "every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device." It was upon this theory that the assessment and collection was made.

We conclude that the trial court erred for the reason that the Government was entitled to a directed verdict upon the ground that the undisputed evidence shows that the taxpayer occupied the premises and maintained and permitted the use of the devices in question.

If there is any question about the taxpayer's "occupying" the premises within the meaning of § 4461, then it certainly cannot be argued that the club did not come within its terms. In this latter instance, the taxpayer is still liable

for the tax as a "participating" member of the unincorporated club. Webb & Martin, Inc. v. Anderson-McGriff Hardware Co., 188 Ga. 291, 3 S.E.2d 882 (1939); Fetner v. American National Bank, 15 Ga.App. 736, 84 S.E. 185 (1915). In this connection, there is no requirement in the Georgia law that says a party must first exhaust its remedy against the unincorporated association before proceeding against the individual members. Thus, as far as this particular case is concerned, it makes no difference whether taxpayer occupied the premises, because under either view the taxpayer would be liable and not entitled to a refund.

For the foregoing reason, the judgment of the District Court is reversed and remanded with directions to enter a judgment for the Government.

tered a judgment upon the jury verdict that had been rendered adverse to the Government.

---

3. The court reserved ruling upon the Government's motion, submitted the case to the jury, and on November 7, 1961, en-