316 Ga. 843
FINAL COPY

S23A0583, S23A0665. IN RE DECEMBER 6, 2022 GENERAL
ELECTION BALLOT.
S23A0800. IN RE KEVIN C. MULDOWNEY.

BOGGS, Chief Justice.

Appellants Sarah Thompson, Kevin Muldowney, and Edward T. Metz filed three virtually identical complaints in their respective counties on December 6, 2022, alleging that the voting system used that day in the runoff election for a United States Senate seat did not comply with Georgia law. The trial courts entered orders either dismissing the complaints or denying relief. Because the complaints did not name any defendant and because Appellants failed to serve any defendant, the trial courts correctly determined that they had no authority to grant the relief sought. Accordingly, we affirm.

In their pro se complaints, which were filed in the superior courts of Bulloch, Cobb, and Fulton counties, Appellants requested that the trial court declare the runoff election in each county to be "void" and "uncertifiable by the Elections Superintendent" of the

county. They each alleged that they had cast a ballot on an electronic ballot marking device that failed to meet the statutory requirements for a lawful ballot and that the use of this voting system forced all voters to cast unofficial ballots. They sought relief under OCGA § 21-2-412, which requires that a superior court judge in each judicial circuit be available on election day from 7:00 a.m. to 10:00 p.m. to address election-related issues.[1] Appellants also sought to have each trial court enter an order requiring the counties to hold referenda at some unspecified time on the adoption of voting machines, citing OCGA § 21-2-321, which authorizes a municipality that conducts elections by paper ballot to hold a referendum on the use of voting

---

[1] OCGA § 21-2-412 provides:

At least one judge of the superior court of each judicial circuit shall be available in his or her circuit on the day of each primary or election from 7:00 A.M. eastern standard time or eastern daylight time, whichever is applicable, until 10:00 P.M. eastern standard time or eastern daylight time, whichever is applicable, and so long thereafter as it may appear that the process of such court will be necessary to secure a free, fair, and correct computation and canvass of votes cast at such primary or election. During such period the court shall issue process, if necessary, to enforce and secure compliance with the primary or election laws and shall decide such other matters pertaining to the primary or election as may be necessary to carry out the intent of this chapter.

machines.

The complaints did not name any county's Board of Elections and Registration (collectively "the Boards")[2] or any other person or entity as defendant, and, accordingly, the clerks of the superior courts did not issue summons. See OCGA § 9-11-4 (a); OCGA § 21-2-524 (f). Nor did the complaints ask the trial courts to order a new runoff election or otherwise seek any relief with respect to the election. Citing various reasons, each trial court either dismissed the complaint or denied relief.[3] Appellants filed discretionary applications, which this Court granted under OCGA § 5-6-35 (j).

It is axiomatic that in order for a trial court to grant relief

---

[2] The legislature has authorized the creation of County Boards of Elections and Registration to exercise the statutory powers of an "election superintendent." See OCGA § 21-2-40 (b). See also OCGA § 21-2-493 (requiring county election superintendent to certify county election returns).

[3] The Bulloch County Superior Court's order denying relief stated that the complaint "requested relief beyond the power of this Court to grant." The Fulton County Superior Court's order dismissed the complaint, stating, in part, "there is no entity . . . over which the Court has personal jurisdiction to order any . . . relief." The Cobb County Superior Court's order dismissed the complaint, stating that the Appellant "has not brought his action against any party" and that by the time the court became aware of the complaint, the election results had already been certified by the Cobb County Board of Elections.

against a party, that party must be named in a proper pleading and must have submitted to the court's jurisdiction voluntarily or been brought within the jurisdiction of the court through compliance with the rules governing service of process. See *Webb & Martin Inc. v. Anderson-McGriff Hardware Co.*, 188 Ga. 291, 294 (3 SE2d 882) (1939) (person named in record as party is not in fact a party unless he has been brought in by legal process or has voluntarily appeared and submitted himself to jurisdiction of court). See also *Schmitz v. Barron*, 312 Ga. 523, 530 (863 SE2d 121) (2021) ("[F]ailure to diligently pursue service as required by OCGA § 21-2-524 (f) provides grounds for dismissal of an election contest . . . ."). But no person, entity, or party has been served as a defendant here.[4] Moreover, Appellants have cited no legal authority that would authorize this Court in these circumstances to reverse the trial courts' refusal to grant the requested extraordinary relief of voiding an election. Accordingly, we conclude that the trial courts did not err

---

[4] Although not named or served below, upon being notified of the pendency of the appeals by this Court, the Boards filed briefs in response to Appellants' briefs.

in their rulings below.

*Judgments affirmed. All the Justices concur.*

Case No. S23A0583

Decided June 21, 2023 — Reconsideration denied July 13, 2023.

Elections; ballots. Cobb Superior Court. Before Judge Poole.

Edward T. Metz, *pro se.*

*Haynie Litchfield Crane & White, Daniel W. White*, for appellee.

Case No. S23A0665

Decided June 21, 2023 — Reconsideration denied July 13, 2023.

Elections; ballots. Bulloch Superior Court. Before Judge Peed.

Sarah E. Thompson, *pro se.*

*Brown Rountree George H. Rountree, Charles P. Aaron; Shontay Jones*, for appellee.

*James C. Abely, Robert Coovert*, amici curiae.

Case No. S23A0800

Decided June 21, 2023 — Reconsideration denied July 13, 2023.

Elections; ballots. Fulton Superior Court. Before Judge Barwick.

Kevin C. Muldowney, *pro se*.

*Kaye W. Burwell, Shalanda M. J. Miller, Mathew E. Plott, Y. Soo Jo; Cathy Woolard*, for appellee.