LIDDELL v. LANDAU.

Opinion delivered October 5, 1908.

1.  JUDGMENT—POWER TO AMEND.—The authority of a court to amend its record by *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken. (Page 442.)

2.  DUE PROCESS—JUDGMENT RENDERED WITHOUT NOTICE.—Where a cause of action was dismissed as to a party thereto, a judgment by default against him, rendered at a subsequent term without notice to him, is not binding upon him. (Page 442.)

Appeal from Clay Circuit Court, Eastern District; *Frank Smith,* Judge; affirmed.

*F. G. Taylor,* for appellant.

1.  The bond is good at common law. 38 Ark. 72. It is given for a valid consideration, and its condition was broken when the court refused to hold the judgment void, and appellees

failed to pay the judgment. In this case it is immaterial whether the judgment is void or not; but it contains all the elements of a valid judgment, and is not void. It cannot be impeached by parol evidence, and on collateral attack the presumption of law is in favor if its validity. 50 Ark. 338; 68 Ark. 211; 79 Ark. 16; 61 Ark. 464; 57 Ark. 49; 71 Ark. 480; 72 Ark. 101; *id.* 601; 73 Ark. 27; 74 Ark. 174; 77 Ark. 379; 76 Ark. 465. Being a collateral attack, it will be presumed that Bodenheimer, Landau & Company were parties at the time the judgment was rendered.

2. Appellees are estopped from questioning the validity of the judgment for the reason that they induced appellant to dismiss his garnishments, and agreed to pay his judgment in the event the court failed to hold it void. 37 Ark. 47; 35 Ark. 376; *id.* 293; 29 Ark. 218; 50 Ark. 427; 64 Ark. 627; 35 Ark. 465; 49 Ark. 75.

*J. D. Block,* for appellee; *F. H. Sullivan,* of counsel.

1. The action in which the judgment was rendered was instituted without authority from Bodenheimer, Landau & Company, or from any one authorized to represent them. Under the due process clause of the Constitution, no valid judgment can be rendered against an individual in an action instituted in his name by one having no authority so to do, and actually without his knowledge. 205 U. S. 141. If the validity of the judgment is to be tried upon the record, it must be upon the whole record. 61 Ark. 474; 48 Ark. 245; 97 U. S. 448; 18 Wall. 366. The object of a *nunc pro tunc entry* is to bring upon the record that which the court has previously actually done, but has been omitted from the record. It must necessarily take effect as of the date the judicial action was had which it evidences. 23 Cyc. 883, title, "Judgments." If the court acquired jurisdiction of Bodenheimer, Landau & Company by the institution of the suit and the appeal taken therein, that jurisdiction was exhausted when they were dismissed from the suit, and the term ended in which the order of dismissal was ended. 205 U. S. 141.

2. This court has held that the lower court properly made the *nunc pro tunc* entry, but that it had no authority to set aside or modify a judgment rendered at a previous term. 78 Ark. 364.

3.　Cases cited by appellant in support of the contention that the legal presumptions are in favor of the judgment cannot control, because the record shows a final dismissal prior to the judgment, and nothing from which it could be inferred that jurisdiction had again been acquired.　18 Wall. 366; 97 U. S. 448.

4.　Evidently the bond was to take the place of the garnishments, and to furnish security to appellant for the payment of his judgment if he proved to have a valid judgment.　The judgment being void, as shown by the *nunc pro tunc* entry, there is no liability on the bond.　A liability of this kind is *strictissimi juris*.　9 Wheat. 702; 61 Ark. 422.

Hill, C. J.　An action was brought in the name of Bodenheimer, Landau & Company, a firm of St. Louis merchants, against Robert Liddell, sheriff of Clay County, before a justice of the peace, to recover possession of certain personal property. The plaintiffs recovered, and the defendant appealed to the circuit court.　In the circuit court a question was raised as to the authority of the action being instituted in the name of Bodenheimer, Landau & Company, and it was decided that the action was unauthorized, and they were dismissed from it, and S. D. Hawkins was substituted as plaintiff, and it was ordered that the action proceed in his name.　By oversight this order was not entered of record.　At a subsequent term of the Clay Circut Court, the case remaining upon the docket, the order of dismissal having been overlooked, judgment by default was rendered against Bodenheimer, Landau & Company in favor of Robert Liddell, the defendant, for the value of the property in controversy and the costs of the action.　Some time thereafter various writs of garnishment were issued upon this judgment.

These garnishments brought the first knowledge to Bodenheimer, Landau & Company that the judgment had been rendered against them, and immediately they filed a petition in the circuit court, setting forth the facts, and asked that the order of dismissal which was omitted from the record be entered *nunc pro tunc*.　An agreement was reached between the parties by which Bodenheimer, Landau & Company, in consideration of the dismissal of the garnishments, agreed to pay the judgment, interest and costs in the event the motion to correct the judgment

was not sustained and the judgment should not finally be held void. This bond will be found set out in full in the footnote.*

The court made correction of the record by entering the order of dismissal *nunc pro tunc,* and also ordered that the judgment in favor of Liddell against Bodenheimer, Landau & Company be corrected so as to be against Hawkins and to show that Bodenheimer, Landau & Company were not parties thereto. From this judgment Liddell appealed, and this court on the 7th of April, 1906, affirmed the judgment, in so far as it inserted the omitted record showing a dismissal of Bodenheimer, Landau & Company from the suit, but reversed it in so far as it corrected the judgment, so as to make it against Hawkins, instead of against Bodenheimer, Landau & Company. The court said of the action of the circuit court: "It had no authority to set aside or modify a judgment after the term at which it was rendered has expired, on application for *nunc pro tunc* order." *Liddell* v. *Bodenheimer,* 78 Ark. 364.

After this decision, Liddell brought suit on the bond, these facts were fully developed in the trial, and the court held that there was no liability upon the bond; and from that judgment Liddell has appealed.

The authority of a court to amend a record by *nunc pro tunc* order is to make it speak the truth. *Bobo* v. *State,* 40 Ark. 224. This power can never be used to make the record speak what it should have spoken but what it did not in fact speak;

---

*The bond sued on, omitting the caption, is as follows:

"In consideration of the defendant, Robert Liddell (appellant), dismissing the garnishments in the above-entitled cause, we, Alexander Landau and Louis Landau, partners under the firm name of Landau & Co., as principals, and G. Richter, as surety, hereby agree and undertake that we will pay to the said defendant the amount of the judgment, interest, and costs rendered in the above-entitled cause, upon this express condition: That, should the circuit court of Clay County for the Eastern District, or the Supreme Court upon appeal, refuse to sustain a motion filed for the purpose of correcting an alleged error in said judgment, to the effect that said judgment against said plaintiffs is absolutely void, and refuse to hold that said judgment is void, then we will pay said defendant the amount of said judgment, interest and costs; but, should the said circuit court, or the Supreme Court on appeal, hold that said judgment is void, and the plaintiffs are, therefore, not liable, then this obligation shall be void.
[Signed]                                        "LOUIS LANDAU.
                                                "ALEX LANDAU.
                                                "G. RICHTER."

and such is the effect of the decision in *Liddell* v. *Bodenheimer, supra.*

The only question is, whether the judgment by default entered against Bodenheimer, Landau & Company in favor of Liddell at a term subsequent to the one in which they had been dismissed from court is void. The Supreme Court of the United States, whose decisions upon questions as to due process of law are conclusive on the State courts, had this precise question before it, and exhaustively reviewed the authorities upon it, concluding as follows:

"To sanction a proceeding rendering a new judgment without notice at a subsequent term, and hold that it is a judgment rendered with jurisdiction and binding when set up elsewhere, would be to violate the fundamental principles of due process of law, as we understand them, and do violence to that requirement of every system of enlightened jurisprudence which judges after it hears and condemns only after a party has had an opportunity to present his defense. By the amendment and new judgment the proceedings are given an effect against the defendant in error which they did not have when he was discharged from them by the judgment of dismissal. By the judgment of dismissal the court lost jurisdiction of the cause and of the person of the defendant. A new judgment *in personam* could not be rendered against the defendant until by voluntary appearance or due services of process the court had again acquired jurisdiction over him. As a matter of common right, before such action could be taken, he should have an opportunity to be heard and present objections to the rendition of a new judgment, if such existed." *Wetmore* v. *Kerrick,* 205 U. S. 141.

It necessarily follows that the judgment at a term after Bodenheimer, Landau & Company had been dismissed from court, without further notice, was void as contrary to due process of law. There is no room for indulgence in presumptions of the regularity of the proceedings, for the facts are clearly established by parol and record evidence.

The judgment is affirmed.