## CORNETTE et ux. v. BALTIMORE & O. R. Co.†

(Circuit Court of Appeals, Third Circuit.   January 31, 1912.)

### No. 1,537.

1. **Courts (§ 354\*)—Judgment (§ 199\*)—Federal Courts—Conformity to State Practice.**

    The federal courts conform to the procedure prescribed by Act Pa. April 22, 1905 (P. L. 286), giving a party requesting binding instructions which have been refused the right to move the court to have all the evidence taken on the trial certified and filed so as to become a part of the record, and for judgment non obstante veredicto on the whole record, and a federal court on motion for judgment non obstante veredicto may order that the evidence taken by an official stenographer, becoming under Act Pa. May 1, 1907 (P. L. 135), a sworn officer of the court, be certified and filed so as to become a part of the record.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 934; Dec. Dig. § 354;\* Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.\*

    Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. **Courts (§ 116\*)—Nunc Pro Tunc—Remedy.**

    A federal court ordering on a motion for judgment that all the evidence on the trial shall be certified and filed so as to be a part of the record in the case, and having the testimony before it when entering judgment based thereon, may at a subsequent term correct the omission of the clerk to mark the evidence filed and the judge to certify that it is correct, and thereby make the evidence a part of the record.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369–373; Dec. Dig. § 116.\*]

3. **Carriers (§ 318\*)—Passengers—Injuries—Evidence.**

    Where a passenger suing for injuries caused by her hand being caught between a door and the frame of the car while alighting did not show the cause of the door swinging and catching her hand, or any act of commission or omission of the carrier or its servants, she failed to show facts justifying an inference of the carrier's negligence.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.\*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Ernest Cornette and wife against the Baltimore & Ohio Railroad Company. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

Thomas L. Kerin and Lowrie C. Barton, for plaintiffs in error.
William Watson Smith, for defendant in error.

---

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Ernest Cornette, in his own right, and Jennie Cornette, his wife, in her own right, citizens of Pennsylvania, brought suit and recovered a verdict against the Baltimore & Ohio Railroad Company, a citizen of Maryland, for damages for personal injuries sustained by the wife while a passenger on such road. Subsequently, on defendant's motion, a judgment non obstante veredicto was entered in its favor. Thereupon plaintiffs sued out this writ and assigned for error the entry of such judgment.

The case involves two questions: First, the right of the court below, subsequent to the term at which it entered judgment non obstante veredicto under the Pennsylvania statute of April 22, 1905 (P. L. 286), to certify the evidence on which it entered such judgment; and, secondly, if such evidence is properly before us, was the court below in error in entering judgment for the defendant thereon?

[1] Addressing ourselves to the first question, we note that the defendant, after a verdict in favor of the plaintiffs, in pursuance of the statute, moved the court "to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment for defendant non obstante veredicto upon the whole record." Thereupon the court ordered "that all the evidence taken upon the trial be duly certified and filed so as to become part of the record in the case." In accordance therewith, the stenographer in this case transcribed the evidence and duly certified the same, and delivered such testimony and certificate to the judge. This testimony was used by the court at the hearing of the motion for judgment, and was made the basis of the court's opinion in deciding the same. It will be noted that by the Pennsylvania act of May 1, 1907 (P. L. 135), relating to the appointment of official stenographers, they become sworn officers of the court. That act, to which the federal courts conform (Fries-Breslin Co. v. Bergen, 176 Fed. 76, 99 C. C. A. 384; Smith v. Jones, 181 Fed. 820, 104 C. C. A. 329), further provides that it shall be the duty of the official stenographer to make a typewritten transcript of his notes, and that such transcript "shall be filed in the proper office of the court, and shall thereafter become a record of the proceedings therein reported," and "shall be taken and held to be prima facie correct." It will thus be seen that under the order of the court the notes had been duly transcribed, delivered to the judge, and used by him in the disposition of the case.

[2] The only thing lacking was the omission of the clerk to mark the notes filed and the judge to certify that they were correct when he directed entry of judgment non obstante veredicto. Was this oversight an omission of the vital, fundamental character which a court is powerless to rectify, and supply after the expiration of the term? Clearly not. It is, of course, true that certain things, as, for example, the alteration of a judgment so as to affect vested rights, cannot be done after the term, but, where the mistake is the mere

CORNETTE V. BALTIMORE & O. R. CO.

clerical omission of an officer and its correction merely makes the record conform to the truth, there the ending of the term does not end the court's power. As said in 1 Black on Judgments, § 154 (citing Coughran v. Gutcheus, 18 Ill. 390):

"After the expiration of the term, unless the cause is still depending and the parties are in court, their power over the record is confined to errors and mistakes of their officers; and these may at any time, upon notice to the parties in interest, and saving such rights as in the interval of time may have accrued to third persons, be corrected so as to make the record conform to the actions or judgment of the court."

And section 155:

"As regards mere clerical errors, mistakes arising from inadvertence or formal misprisions of clerks or other officers, it is always in the power of the court, even after the adjournment of the term, to make such corrections or amendments as truth requires."

In the present case, as we have seen, the omission of the clerk to mark the notes of testimony filed which the judge used in disposing of the case was a mere clerical, formal oversight. The court had the testimony before it, and the judgment it entered was based thereon. Can it be possible that the expiration of the term rendered it absolutely impossible for the court to certify, which it did in this case as soon as the omission was discovered, though this was in a subsequent term, that the testimony which had been used by the court was correct? The actual possession and use by the court of the notes were the matters of substance. The matter of form was the omission of the clerk to mark the testimony filed and of the judge to certify the same. Assuredly a court should not thus shear itself of a salutary power to do justice by holding itself powerless to supply a formal omission, where in doing so it affects no vested right. We are therefore of opinion the certificate of the judge in this case duly brings the evidence on the record. This conclusion is in no way at variance with McCord v. B. & O., 187 Fed. 745, 109 C. C. A. 493, where "the evidence was never certified, either then or at any time thereafter." This we held "was a failure to comply with an indispensable requirement," but it was added:

"Under ordinary circumstances, it is probably an unimportant detail when the certification takes place, at least while the court's power over the case continues, but at some time the judge must certify, and he himself must perform the act."

[3] We have examined the evidence, and we agree with the court below that it disclosed no negligence on the part of the defendant company and no facts from which negligence could be inferred. In substance, it shows that, when the train in which Mrs. Cornette was riding reached her station, she started to leave the car. While passing from the car its door swung and caught her hand between it and the door frame. No act of commission or omission on the part of the railroad or its servants was shown, and the plaintiffs gave no evidence as to what caused the door to swing, or, indeed, any explanation of the cause of the accident. In view of the full discussion of the matter in the opinion below, we refrain from fur-

ther extending this opinion. The whole matter is well summed up by the trial judge in the statement, in which we concur, that:

"The plaintiff's case must fail because there is no evidence showing the cause of the accident. It cannot be inferred from the circumstances of the accident and outside of this there is no evidence."

The judgment below is therefore affirmed.