GRAND CHAPTER OF THE ORDER OF THE EASTERN STAR OF THE STATE OF GEORGIA *et al. v.* WOLFE *et al.*

No. 8965. NOVEMBER 16, 1932.

*Travis & Travis,* for plaintiff in error.

*Charles E. Donnelly* and *G. G. McCoy,* contra.

HILL, J.   Certain persons alleging themselves to be members of Bethlehem Chapter, a subordinate of the Grand Chapter of the Order of Eastern Star, brought this action against the Grand Chapter and persons alleged to hold designated official positions therein, to enjoin them from interfering with the functioning of the subordinate chapter in any of its rights, duties, and privileges; alleging that the order is a voluntary association for beneficent and beneficial purposes, and of the nature of a copartnership; that it is not a corporation; that petitioners, having exhausted all the means provided by the charter and by-laws of the organization, invoke the aid of a court of equity for redress of their alleged wrongs; that, in violation of the principles and governing law of the order, and in furtherance of a conspiracy, the charter of the Bethlehem Lodge has been withdrawn, the membership of petitioners in the order has been destroyed, and the property of Bethlehem Chapter, in which each member is alleged to have an individual interest, has been taken away from them, this property consisting of $169 on deposit in bank in the name of Bethlehem Lodge, and paraphernalia, jewels, and equipment of the value of $500.   The petitioners also asked for damages of $30,000, to be equally prorated, $1,000 to be allotted to each of the petitioners.   Demurrers to the petition were overruled, and the defendants excepted.   *Grand Chapter Order Eastern Star* v. *Wolfe,* 172 *Ga.* 346 (157 S. E. 301).   This court ruled that "the judgment of the superior court be amended by striking from the petition all allegations and prayers referring to the petitioners' claim for damages; and that in all other respects the judgment upon the interlocutory hearing be affirmed."   A motion was made to dismiss the case, because the plaintiffs had not complied with the mandate of the Supreme Court by striking from the petition any prayer for damages before the case was called.   The bill of exceptions recites: "When this case came on for trial, counsel for plaintiffs in open court abandoned the claim for dam-

ages. No formal order striking the prayer for damages had been taken, but the plaintiffs amended by striking the prayer for damages. The amendment was allowed. The court held that the plaintiffs could abandon their claim for damages, and had the right to amend their petition by striking the claim for damages. The motion to dismiss was overruled. No evidence was introduced on the subject of damages, no charge made thereon, and no verdict given therefor." This ruling was excepted to pendente lite. The jury rendered a verdict in favor of the plaintiffs. A motion for new trial was overruled, and the defendants excepted.

In his order overruling the motion for new trial the judge made the following statement: "The 11th ground of the amendment to the motion for new trial was erroneously approved by me. In considering these grounds last night, I could not understand how it was possible for me to have admitted like testimony from other witnesses and to have charged upon the issue thus formed, and then to have excluded the evidence of Mrs. Harper, a witness for the defendant. To-day I have examined the original brief of evidence, and find that the witness testified: 'I did not enter into any conspiracy, plot, or scheme to illegally or improperly take the charter away from these people.' I therefore, to make this record speak the truth, disapprove of the 11th ground of the amended motion." The superior court is invested with inherent power to correct errors and mistakes in its records. *Ellis* v. *Clarke,* 173 *Ga.* 618 (2), 622 (160 S. E. 780); Civil Code (1910), §§ 5702, 4644 (6).

Other headnotes require no elaboration. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*