## MASTRIANNI v. UNITED STATES.

### GAGLIARDINO v. SAME.

### SCANGA v. SAME.

### Nos. 5452–5454.

Circuit Court of Appeals, Third Circuit.

July 30, 1935.

Robert M. McWade, S. C. Pugliese, and John E. Evans, Sr., all of Pittsburgh, Pa., for appellants.

H. S. Dumbauld, U. S. Atty., and James I. Marsh, Asst. U. S. Atty., both of Pittsburgh, Pa., and Louis E. Graham, Sp. Asst. to Atty. Gen., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

BUFFINGTON, Circuit Judge.

These are appeals from judgments and sentences of the District Court for the Western District of Pennsylvania. The government moves to dismiss all assignments of error which depend upon a bill of exceptions on the ground that the bill of exceptions was originally settled, signed, and ordered to be made a part of the record nunc pro tunc on September 27, 1934, which was after the term had expired and three months after the time within which the bill of exceptions could be legally settled. The contention of the government is that the bill of exceptions was a nullity and properly forms no part of the record, and the court below subsequently vacated its said order and that, therefore, the assignments of error which depend upon the vacated bill of exceptions should not be considered by this court on appeal.

The pertinent dates are as follows: The appellants were convicted on November 29, 1933. On March 8, 1934, judgments of sentence were passed after motions for new trial and in arrest of judgment had been overruled. Appeals were perfected on the same day. Sentences were imposed during the November, 1933, term of court. This term expired on May 14, 1934. Rule 26 of the District Court for the Western District of Pennsylvania provides that a bill of exceptions may be settled at any convenient time within which an appeal may lie. The bill of exceptions was presented to the trial court

for the first time on September 27, 1934. No order of court was secured during the November, 1933, term or within the time allowed for an appeal extending that term.

From these dates it follows that the trial court was without jurisdiction to settle the bill of exceptions after the expiration of the term. We have so ruled in Ritz-Carlton Restaurant & Hotel Co. v. Gillespie, 1 F.(2d) 921. The decision of the Supreme Court in Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663, is conclusive. We find no such "extraordinary circumstance" as to warrant the District Court in making an exception of the instant case. We are, therefore, constrained to allow the government's motion to dismiss all assignments of error which depend upon the vacated bill of exceptions, and as we hold there was no error in the court below decreeing judgment and sentence, its action in so doing is affirmed.