## UNITED STATES v. ZULLO.

### No. 8875.

Circuit Court of Appeals, Third Circuit.

Argued July 24, 1945.

Decided Oct. 5, 1945.

Anthony A. Calandra, of Newark, N. J., for appellant.

Richard J. Hughes, of Trenton, N. J. (Thorn Lord, U. S. Atty., of Newark, N. J., on the brief), for appellee.

Before BIGGS, WALLER, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The appellant was indicted on three counts by the Federal Grand Jury for the District of New Jersey. The first charged that he and another, in violation of Title 18 U.S.C.A. § 241, influenced a petit juror sitting on a Federal criminal case. The second charged offering to bribe the juror in violation of Title 18 U.S.C.A. § 237. The third charged a conspiracy to commit the substantive offenses charged in counts one and two.[1]

---

[1] The relevant statutes are:

Section 237, Title 18 U.S.C.A. (Section 131, Criminal Code): "Whoever, directly or indirectly, shall give or offer, or cause to be given or offered any money, property, or value of any kind, or any promise or agreement therefor, or any other bribe, to any judge, judicial officer, or other person authorized by any law of the United States to hear or determine any question, matter,

cause, proceeding, or controversy, with intent to influence his action, vote, opinion, or decision thereon, or because of any such action, vote, opinion, or decision, shall be fined not more than $20,000, or imprisoned not more than fifteen years, or both; and shall forever be disqualified to hold any office of honor, trust, or profit under the United States. (R. S. § 5449; Mar. 4, 1909, c. 321, § 131, 35 Stat. 1112)."

Section 238, Title 18 U.S.C.A. (Section 132, Criminal Code): "Whoever, being a judge of the United States, shall in anywise accept or receive any sum of money, or other bribe, present, or reward, or any promise, contract, obligation, gift, or security for the payment of money, or for the delivery or conveyance of anything of value, with the intent to be influenced thereby in any opinion, judgment, or decree in any suit, controversy, matter, or cause depending before him or because of

The appellant moved for a dismissal of the second count on the ground that an offer to bribe a juror does not come within the language of Section 237. The motion was denied. Thereafter the appellant pleaded guilty to all three counts of the indictment and was sentenced thereon. This appeal is from the judgment rendered on the second count. The method here followed of raising the particular question brings the matter properly before us. Obviously the appellant, after the District Court's decision on the motion, had to plead guilty to the second count of the indictment or stand trial.

The sole question is whether Section 237 applies to a juror. That statute is plainly directed at the punishment of persons guilty of bribing or attempting to bribe a judge, judicial officer or other person authorized by any law of the United States to hear or determine any question, etc. Section 238, immediately following, punishes a judge for accepting a bribe. The next section, 239, punishes "a juror, referee * * * or other person authorized * * * to hear or determine any question," etc. who asks, receives, or agrees to receive any money, etc., upon any agreement that his vote, opinion, action, judgment, or decision shall be influenced thereby. Section 241, the remaining section in which we are interested, has to do with the punishment of whoever corruptly, or by threats, etc., shall endeavor to influence, etc., any grand or petit juror, etc.

The intent of this legislation seems clear. The first section of the four with which we are concerned punishes whoever gives a bribe to the class there enumerated. The next specially punishes a judge, the ranking member of that class, for taking such bribe and provides a far heavier penalty than Section 239 which immediately follows and which details the punishment of the remaining and lesser members of the same class for substantially the same offense. It cannot be overemphasized that Section 239 punishes all the possible receivers of bribes alluded to in the general language of Section 237 with the exception of "a judge" and specifically includes "a juror." The use in both 237 and 239 of the identical phrase commencing "or other person authorized by any law" etc., helps demonstrate the close connection between the two sections. A reading of Section 241 shows it to be of far broader scope than Section 237. It embraces anyone who "corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede, * * * any grand or petit juror * * *." We do not think it can be fairly maintained that such language simply means the same thing as does Section 237. The latter is definitely and deliberately confined to bribery and attempted bribery whereas 241 may well embrace an offense not within such restriction.

It is argued for the appellant that Section 237 does not contemplate jurors be-

any such opinion, ruling, decision, judgment, or decree, shall be fined not more than $20,000, or imprisoned not more than fifteen years, or both; and shall be forever disqualified to hold any office of honor, trust, or profit under the United States (R.S. § 5499; Mar. 4, 1909, c. 321, § 132, 35 Stat. 1112)."

Section 239, Title 18 U.S.C.A. (Section 133, Criminal Code): "Whoever, being a juror, referee, arbitrator, appraiser, assessor, auditor, master, receiver, United States commissioner, or other person authorized by any law of the United States to hear or determine any question, matter, cause, controversy, or proceeding, shall ask, receive, or agree to receive, any money, property, or value of any kind, or any promise or agreement therefor, upon any agreement or understanding that his vote, opinion, action, judgment, or decision shall be influenced thereby, or because of any such vote, opinion, action, judgment, or decision, shall be fined not more than $2,000, or imprisoned not more than two

years, or both. (Mar. 4, 1909, c. 321, § 133, 35 Stat. 1112)."

Section 241, Title 18 U.S.C.A. (Section 135, Criminal Code): "Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than $1,000, or imprisoned not more than one year, or both. (R.S. §§ 5399, 5404; Mar. 4, 1909, c. 321, § 135, 35 Stat. 1113)."

cause part of the penalty for its violation is that the offender "shall forever be disqualified to hold any office of honor, trust, or profit under the United States." This is coupled with the further thought that a juror is not a person who holds office. Such contention completely loses sight of the fact that 237 punishes the giver of the bribe, not the recipient. It is also suggested that a juror is not within the scope of 237 since his decision as embodied in a verdict is not final. Such proposition is open to serious question but the point need not be labored at this time as the particular phrase of Section 237 is disjunctive. It reads: "* * * or other person authorized by any law * * * to hear or determine any question * * *." Prior to the adoption of the Criminal Code in 1909, the forerunner of Sections 237, 238 and 239, was solely concerned with judges.[2] There were two acts akin to the present Section 241.[3] Those statutes were repealed by the Code and replaced by the sections heretofore quoted. We think it apparent that in broadening the scope of the original 1790 Act which dealt with judges alone, the Congress meant to admit jurors and that Section 239, which now punishes jurors for taking a bribe, is simply a corollary to the new Section 237 which punishes the giver or offerer of a bribe to a class of persons which includes jurors. The word "vote" in Section 237 and the repetition of that word in Section 239, as stressed by the appellee, is some additional evidence that jurors are within the purview of the section.

We are materially assisted in our view of the statute by the excellent opinion of Judge Phillips for the Tenth Circuit in Slade v. United States, 1936, 85 F.2d 786, which passed upon the precise problem. The Court there said at pages 789, 790 of 85 F.2d:

"When the three sections are read together, we think it plain that Congress intended to embrace jurors in the phrase in section 131, 'or other person authorized by any law of the United States to hear or determine any question.'

"Against that construction, it is urged that section 135 covers bribery of a juror and that Congress, in a revision of the criminal statutes, would not include the same offense in sections 131 and 135. It will be noted that section 131 covers bribery, while section 135 covers a mere 'endeavor' to corruptly influence a juror. It does not need to be a technical attempt to bribe. Any effort or essay to accomplish the evil purpose is within the statute. The latter section also covers threats and force as well as corruption as a means of the endeavor. It also embraces an endeavor to intimidate or impede a juror. It seems clear to us that the two sections embrace separate and distinct offenses."

The Second Circuit, in an opinion by Judge Manton, United States v. Sager, 1931, 49 F.2d 725, 727, holds to the contrary, simply stating that: "A juror is not within this section." We do not find that case at all persuasive.

Affirmed.

---

[2] Act of April 30, 1790, 1 Stat. 112, 117 Section 21.

[3] Act of March 2, 1831, 4 Stat. 487, 488, Section 2 and Act of June 10, 1872, 17 Stat. 378.